UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


CASE NO.: 06 CV 2429 (CASEY, J.)


JIAN ZHONG, and others similarly situated,

     Plaintiff,

v.

AUGUST AUGUST CORP. d/b/a RIVER
VIETNAMESE & THAI RESTAURANT,
a New York corporation,

     Defendant.

_____/


## COMPLAINT

1.    Plaintiff JIAN ZHONG (hereinafter referred to as "Plaintiff"), was an employee of Defendant AUGUST AUGUST CORP. d/b/a RIVER VIETNAMESE & THAI RESTAURANT (hereinafter referred to as "Defendant"), and brings this action for overtime compensation, minimum wages and other relief under both the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b), and New York Labor Law. Plaintiff performed work as a delivery person in New York, New York.

2.    Defendant is a New York corporation that operates and conducts business in New York, New York, and is within the jurisdiction of this Court.

3.    This action is brought to recover from Defendant overtime compensation, minimum wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act).  Such collective action is intended to

include each and every delivery person, employed by Defendant at anytime within the past six years.

4.      Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 <u>et seq.</u>, and Art. 19, §§ 650 <u>et seq.</u> (collectively "NYLL"), he is entitled to unpaid minimum wages and overtime wages from Defendant for his work beyond 40 hours per week; liquidated damages equal to 25 percent of his unpaid minimum and overtime wages; and attorneys fees and costs.

<u>JURISDICTION AND VENUE</u>

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

6.      Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. § 1391(b) and (c).

7.      At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209, in that Plaintiff performed services for Defendants for which no provisions were made by the Defendant to properly pay Plaintiff for those hours worked in under 40 hours and in excess of forty (40) hours per week during one or more workweeks.

8.      In the course of employment with Defendant, Plaintiff was not paid minimum wage for those hours up to forty (40), and was not paid time and one-half of his

regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

9.    The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

<u>COUNT I</u>
RECOVERY OF OVERTIME COMPENSATION
UNDER FAIR LABOR STANDARDS ACT

10.    Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

11.    Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.  Plaintiff regularly worked overtime hours.

12.    By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

13.    As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

<u>COUNT II</u>
RECOVER OF MINIMUM WAGES
UNDER FAIR LABOR STANDARDS ACT

14.    Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 13.

15.    Plaintiff, and the other employees similarly situated, are entitled to be paid at the current minimum wage rate of pay for each hour they worked during their employ.

16.    Defendant willfully failed to pay plaintiff at the current minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

<u>COUNT III</u>
NY MINIMUM WAGE/OVERTIME COMPENSATION

17.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 16 above.

18.    At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

19.    At all times relevant to this action, the state minimum wage was $5.15 per hour before January 1, 2005, $6.00 per hour between January 1, 2005 and December 31, 2005, and $6.75 thereafter,  as codified by N.Y. Labor Law § 652(1).

20.    Defendant deliberately refused to pay Plaintiff for many of the hours and days he worked.  Defendant did not pay Plaintiff the state minimum wage.

21.    Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for the first forty (40) hours of work performed in each week, in violation of N.Y. Labor Law § 592(1).

22.    Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New

York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

23.     Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid regular wages, unpaid overtime compensation, and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fee, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

24.     As a result of the foregoing, Plaintiff has been injured, and Defendant has profited thereby, in an amount to be proven at trial.

WHEREFORE, Plaintiff, and all other employees similarly situated, request that this Court grant the following relief:

i.      Declare Defendant's conduct complained of herein to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Labor Law;

ii.     Award Plaintiff unpaid minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendant's willful failure to pay both minimum wage and overtime pay, pursuant to 29 U.S.C. § 216;

iii.    Award Plaintiff unpaid regular wages and overtime compensation under the New York Labor Law and an additional 25% as liquidated damages, pursuant to N.Y. Labor Law § 663(1);

iv.     Award Plaintiff prejudgment interest;

v.      Award Plaintiff the costs of this action together with reasonable attorney's

fees; and such other and further relief as this court deems necessary and

proper.

DATED this 28th day of March 2006.

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
222 Broadway, 19th Floor
New York, NY 10038
Tel: (212) 897-5859
Fax: (212) 860-9169

_____

JUSTIN A. ZELLER
J.Z.7094

6