UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
................................................................................X
                                                                :
   JIAN ZHONG, and others similarly situated,,       :
                                                                :   06 Civ. 2429 (CASEY)
                                 Plaintiffs,       :
                                                                :
                  - against -                          :
                                                                :
   AUGUST AUGUST CORP. D/B/A RIVER             :
   VIETNAMESE& THAI RESTAURANT,
                                                                :
                                   Defendant.        :
                                                                :
................................................................................X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DIMISS PLAINTIFF'S COMPLAINT


                                                      **Sanjay Chaubey, Esq. [SC – 3241]**
                                                      **Empire State Building**
                                                      **350 Fifth Avenue, Suite 5013**
                                                      **New York, NY 10118**
                                                      **Phone: (212) 563-3223**
                                                      **Fax:    (212) 563-4534**

                                                      *Attorney for Defendant*
                                                      *August August Corp. d/b/a River*
                                                      *Vietnamese& Thai Restaurant*

Defendant August August Corp. ("August") by their undersigned counsel, respectfully submit this memorandum of law in support of motion to dismiss complaint field by Plaintiff, Jian Zhong ("Zhong") pursuant to Fed. R. Civ. P. 12(b).

## FACTUAL BACKGROUND

This action was commenced on or about march 28, 2006 by Zhong's filing of a Complaint (Chaubey affirmation Exhibit 'A'). The complaint raised claims against August, a New York corporation organized and existing under the law of New York.

The averments in complaint center around an alleged employment between August and Zhong. Zhong claims that August failed to pay overtime compensation, minimum wages and other relief under both the Fair Labor Standard Act as amended 29 U.S.C. § 216(b) and New York Labor Laws. The complaint also claims unpaid regular wages, overtime compensation and additional 25% as liquidated damages pursuant to New York Labor Law.

Accordingly, defendant submits the present motion seeking dismissal of the complaint forthwith on the following arguments and reasoning.

## POINT I – PLAINTIFF HAS FAILED TO PRIMA FACIE ESTABLISH THE EMPLOYER-EMPLOYEE RELATIONSHIP

Plaintiff has failed to prima-facie establish the employer-employee relationship. Nowhere in the complaint plaintiff asserts the *nature, time period, duties, compensation*

2

*and reasons of termination of the employment* of plaintiff Zhong. Only in the first paragraph plaintiff states he was an employee of defendant. Plaintiff has further failed to provide any information as to his hiring, salary, number of hours and claim or demand ever made by plaintiff from defendant on any account including the alleged employment of the plaintiff by defendant. Therefore, complaint completely fails to establish any employer-employee relationship between defendant and the complainant.

In the absence of any such employer-employee relationship, at best plaintiff's services rendered as delivery person can be termed as an independent contractor and the same is further fortified by the following case laws.

As per the definition provided by Internal Revenue Service, United States Department of the Treasury, a general rule is that *"**you, the payer, have the right to control or direct only the result of the work done by an independent contractor, and not the means and methods of accomplishing the result.**"*

Accordingly, in the instant case defendant provided the delivery addresses and the food which was delivered by the means and methods adopted by choice of the plaintiff Zhong. "The ultimate question of whether an individual is an employee or an independent contractor is a legal conclusion which involves an application of the laws to the facts." *E.E.O.C. vs. North Knox School Corp. 154 F. 3d. 744, 747 (7 Cir. 1998)* to determine whether the plaintiff was an employee or an independent contractor, the trial examines five factors which were set forth in *Knight vs. United Farm Bureau Mut. Ins. Co. 950F. 2d. 377 (7th Cir. 1991)* The first (1) and most significant factor requires to look at control of supervision that August exerted over Zhong. The employers right to control is the most important when determining whether an individual is an employee or an independent contractor. The other factors are (2) the kind of occupation and nature of skill required including whether the skills are obtained in the work place; (3) responsibility for the cost

3

of operation, such as equipment, supplies, fees, licenses, work place, and maintenance of operation; (4) the method and form of payment and benefits and; (5) the length of job commitment and or expectations.

By application of this analogy, it is clear that August had neither any control over Zhong nor supervised his activity including how he delivered the take-out orders. So it is concluded that August did not exerted any control or supervision over Zhong, clearly qualifying Zhong as an independent contractor.

Even by the application of other factor "the responsibility for the cost of operation such as equipment, supplies, fees, license and maintenance of operation", it is clear that plaintiff Zhong was responsible for his transportation of choice and payment in order to deliver the take-out food.

In addition, August withheld no taxes from Zhong's payments; neither paid any insurance, pensions, vacation pay nor any other type of compensation that could be construed as a benefit. Zhong has in the contrary not mentioned in any detail about any of such payments or withholding of the taxes as an employee establishing the employer-employee relationship.

The last factor however of the not the least importance is "length of job commitment and/or expectation". In the instant matter, Zhong provided his delivery services from September 2005 to December 2005 where after Zhong discontinued providing services as employer insisted on Employment Eligibility and Verification in order to hire him as a part-time employee. Therefore, the length of alleged employment and expectation also clearly demonstrates the relationship between august and Zhong as of independent contractor instead of alleged employer-employee relationship.

4

# POINT II – COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's complaint miserably fails to demonstrate any claim in any manner whatsoever against the defendant arising out of providing of the services as independent contractor to the defendant. In his unverified complaint, only assertion is that plaintiff was an employee and performed work as delivery person in New York, NY. The legal theory advanced by plaintiff is not a cognizable legal theory. See *Brower vs. County of Inyo 489 U.S. 593, 594-595, 109 S.Ct. 2nd Cir. 1378, 103 L. Ed. 2d. 628 (1989).* Even assuming that plaintiff has advanced a cognizable legal theory; plaintiff has miserably failed to include allegations concerning all elements necessary to support recovery. *See Telectrornics Proprietary, Ltd. vs. Madtronics, Inc. 687 F. Supp. 832, 837 (S.D.N.Y 1988).*

In addition, defendant's affirmative defense that plaintiff lacked requisite to fulfill Employment Eligibility Verification as mandated by the Federal Law resulted as not only non-absorption of plaintiff as an employee but plaintiff also discontinued his work as an independent contractor and in retaliation filed complaint against plaintiff with ulterior motive of harassment and extortion.

Accordingly, an affirmative defense to the claim appears on the face of the complaint. See *Sykes vs. James, 13 F. 3d. 515, 519 (2d. Cir. 1993), Cert. Denied 512 U.S. 1240 (1994).*

The honorable court may dismiss a claim for failure to state a claim upon which relief may be granted under Rule 12(b)(6), if it is clear that no relief could be granted under any set or facts that could be proved consistent with the allegations. See *Conley v. Gibson, 355 U.S. 41 45-46, 78 D. Ct. 99, 2 L. Ed. 2d 80 (1957); Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000).*

## **CONCLUSION**

For the foregoing reasons, defendant August August Corp. d/b/a River Vietnamese& Thai Restaurant respectfully requests that the court dismiss the case pursuant to Federal Rule of Civil Procedure 12(b) and award costs and disbursement in favor of the defendant

Dated: June 30, 2006
      New York, New York

                      Respectfully submitted,

                      /s/ Sanjay Chaubey, Esq.

                      Sanjay Chaubey, Esq. [SC – 3241]
                      Empire State Building
                      350 Fifth Avenue, Suite 5013
                      New York, NY 10118
                      Phone: (212) 563-3223
                      Fax:   (212) 563-4534