UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
........................................................................X
                                                            :

**JIAN ZHONG, AND OTHERS SIMILARLY SITUATED,**

                                             Plaintiff,

                                - against -

**AUGUST AUGUST CORP.D/B/A RIVER, VIETNAMEESE & THAI RESTAURANT, A NEW YORK CORPORATION**,

                                           Defendant.

06 Civ. 2429 (CASEY)

AMENDED REPLY AFFIRMATION IN SUPPORT OF MOTION TO DISMISS

      Sanjay Chaubey, an attorney admitted to practice in the Courts of the State of New York and U.S.D.C. of Eastern & Southern District, affirms as under:

1.    I am the attorney of record for the defendant and am not a party to this case. I am familiar with all of the papers and proceedings in this action, and with all facts and circumstances set forth below.

2.    I make this affirmation in support of the motion filed by defendant seeking dismissal of the Plaintiff's Complaint, on the grounds stated therein.

3. I am submitting this affirmation in reply to plaintiff's opposition submitted by his attorney Justin A. Zeller, Esq.

4. The plaintiff's opposition is solely supported by statements not even affirmed by the attorney Justin A. Zeller in complete non-conformity of Rule 6.1 of Local Rules of the United States District Court for the Southern and Eastern District of New York as amended up to date.

*Local Civil Rule 6.1. - Service and Filing of Motion Papers*

*Unless otherwise provided by statute or rule, or unless otherwise ordered by the court in an individual rule or in a direction in a particular case, upon any motion, the notice of motion, supporting affidavits, and memoranda shall be served and filed as follows:*

*(a) On all motions and exceptions under Rules 26 through 37 inclusive and Rule 45(c)(3) of the Federal Rules of Civil Procedure, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda of law shall be served within four business days after service of the moving papers, and (3) any reply affidavits and reply memoranda of law shall be served within one business day after service of the answering papers.*

*(b) On all civil motions, petitions, applications, and exceptions other than those described in Rule 6.1(a), and other than petitions for writs of habeas corpus, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda shall be served within ten business days after service of the moving papers, and (3) any reply affidavits and memoranda of law shall be served within five business days after service of the answering papers.*

Mathew Bender's Federal Litigation Guide New York and Connecticut authored by Summit, Fujak and Unimen also suggests under it's § 9.120[1] In the S.D.N.Y. & E.D.N.Y., a parties' opposition papers should consist of all affidavits and a memorandum of law (See S.D.N.Y. & E.D.N.Y., L.R. 1(a)].

The plaintiff's response in opposition also lacks a Memorandum of Law as required by S.D.N.Y. & E.D.N.Y. Local Rule 7.1

*Local Civil Rule 7.1. Memoranda of Law*

*Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.*

In addition even the CPLR as applicable in the State of New York also requires an attorney affirmation in addition to affidavit of party stating facts of personal knowledge under oath. It is well settled case law that such opposition is insufficient. See Figueroa vs. Flatbush Women's Services Inc., 222 A. D. 2d 398, 634 N. Y. S. 2d 518 (2nd Dept. 1995); See also Stainless, Inc. vs. Employers' Fire Inc. Co. 69A. D. 2d 27, 418 N. Y. S. 2d 76, affirmed 49 N. Y. 2d 94, 428 N. Y. S. 2d 675 (1979).

 5.     Thus the plaintiff's opposition is legally neither sufficient nor adequate response to the defendant's motion to dismiss.  Attorney Zeller in his opposition has failed to respond each and every contention raised by plaintiff including but not limited to that plaintiff has failed to prima facie establish the employer-employee relationship.  Plaintiff has not responded to defendant's factual allegations, Evidence or legal arguments provided in the Memorandum of Law in support of defendant's motion to dismiss plaintiff's complaint.

6.      It is important to reiterate that the defendant's motion has raised a vital question, whether a cause of action exist for that which claimant is suing. See *Carey v. Consolidated Rail Corp. 810 F. Supp. 164, 167 (E.D. Pa. 1992).*  It also raises a question as to whether claimant has pleaded all of the <u>essential element</u> of a valid cause of action. See *McCann v. Texas City Refining Inc., 984 F. 2D 667, 674(5th Cir. 1993).* Plaintiff has further failed to present any pertinent material of the type provided for in FRCP Rule 56 despite having notice and an opportunity to present.  See *Carter v. Stanton 405 U.S. 669, 67, 92 S. Ct. 1232, 1234, 31 L. E. e.2 D. 569 (1972); Whiting v. Maiolini, 921 F. 2D 5, 6(1st Cir. 1990).*

7.      Plaintiff's contentions regarding claim under the Fair Labor Standard Act (FLSA) are wrong and misleading. For the reasons defendant has convincingly demonstrated in its motion that plaintiff is neither an employee of defendant nor has <u>ability or authorization</u> to accept such employment even arguando offered by defendant because of Federal requirement of Employment Eligibility Verification as mandated by Immigration and Nationality Act (INA) as amended by the Immigration Reform and Control Act of 1986 (IRCA) as described in detail in motion to dismiss. Therefore, the Fair Labor Standards Act is not applicable in this context.

8.      Lastly plaintiff's allegation pertaining to inappropriate use of motion of dismisses is merit less and as such denied.  Defendants have in their motion to dismiss and supporting memorandum of law has demonstrated beyond reasonable doubt that plaintiff has failed to prima facie establish the alleged relationship of employer-employee besides

plaintiff had neither ability nor authorization to seek employment as such alleged. On the other hand defendants have fully establish that plaintiff at best was an *Independent Contractor*, hence in the best interest of justice, it is appropriate use of motion to dismiss plaintiff's complaint by defendant to save time and resources on frivolous litigation.

Wherefore, for the reasons set forth hereinabove there exists a good and sufficient cause to dismiss plaintiff's complaint.

Dated:   New York, New York
         August 2, 2006

                          LAW OFFICES OF SANJAY CHAUBEY

                          By:   /s/ Sanjay Chaubey

                              SANJAY CHAUBEY, ESQ (SC-3241)
                              *Attorney for Defendant*

                              The Empire State Building
                              350 Fifth Avenue, Suite 5013
                              New York, NY 10118
                              Phone: (212) 563-3223
                              Fax:    (212) 563-4534